IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 151N

_____

IN THE MATTER OF K.M.,

       A Youth in Need of Care,

DA 06-0783

IN THE MATTER OF T.M.,

       A Youth in Need of Care,

DA 06-0784

IN THE MATTER OF L.M.,

       A Youth in Need of Care.

DA 06-0785

_____

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and for the County of Custer, Cause Nos. DN 04-14, DN 04-15, and
DN 04-16
The Honorable Gary L. Day, Presiding Judge.

COUNSEL OF RECORD:

      For Appellant:

           Nancy G. Schwartz, Attorney at Law, Billings, Montana

      For Respondent:

           Hon. Mike McGrath, Attorney General; Ilka Becker, Assistant Attorney
General, Helena, Montana

           Wyatt Glade, Custer County Attorney, Miles City, Montana

_____

Submitted on Briefs:  April 4, 2007

Decided:  June 19, 2007

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1    Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Appellant, the mother of the youths (Mother), filed three separate appeals from three orders of the Sixteenth Judicial District Court, Custer County, terminating her parental rights to each of L.M., T.M. and K.M. The three appeals were consolidated and this memorandum opinion is applicable to each. We affirm the three orders of the District Court terminating the Mother's parental rights.

¶3    In August 2004, the Montana Department of Public Health and Human Services (DPHHS) filed a petition requesting emergency protective services, adjudication as youths in need of care and temporary legal custody (TLC) of L.M., T.M. and K.M. (Children). DPHHS acted on a referral from the Illinois Child and Family Services Department stating that Mother had violated a family safety plan. Mother was determined to be indigent and the District Court appointed counsel to represent her. The parties stipulated that DPHHS have temporary investigative authority (TIA). The District Court granted DPHHS a TIA order. Later, the District Court granted DPHHS TLC of the children.

¶4    Pursuant to Mother's request, the District Court granted her lawyer's motion to withdraw and appointed new counsel to represent her (Thornton).

¶5    In July 2005, Mother stipulated to an extension of TLC. The stipulation noted DPHHS would continue kinship placement efforts and transfer jurisdiction to Illinois when both the Montana and Illinois agencies approved placement. An Illinois placement was never approved by DPHHS.

¶6    The District Court approved several TLC extensions and treatment plan revisions. On April 3, 2006, DPHHS filed for permanent legal custody and termination of Mother's parental rights. Mother requested new counsel or to represent herself. A hearing on this request was held May 15, 2006. At the hearing, the District Court questioned Mother on her request to remove Thornton and represent herself. Mother did not contest the adequacy of Thornton's representation and only complained "everybody" lied to her. The District Court then asked whether Mother wanted to represent herself. She elected to continue with Thornton.

¶7    Termination proceedings began on June 27, 2006, were recessed, and later concluded on August 28, 2006. Although Mother received notice of the August 28 hearing, she did not attend. Thornton moved for a continuance of the August hearing. However, upon inquiry by the District Court, Thornton confirmed Mother knew of the hearing but had returned to Illinois. The District Court then denied the motion to continue.

¶8    DPHHS presented testimony at the August 28 hearing that Mother had orally requested termination of her parental rights. Because her client was not present Thornton

could not offer rebuttal testimony.

¶9	At the conclusion of the August 28 hearing, the parties requested permission to file proposed findings of fact and conclusions of law. The District Court granted the request, stating untimely filed proposals would not be considered. Mother's counsel did not timely file proposed findings of fact and conclusions of law. On September 18, 2006, the District Court terminated Mother's parental rights. This appeal followed.

¶10	A natural parent's right to the care and custody of their child is a fundamental liberty interest. *Matter of A.S.A.*, 258 Mont. 194, 197, 852 P.2d 127 (1993). When the State seeks to terminate parental rights, due process and fundamental fairness requires that counsel be appointed to represent an indigent parent during termination proceedings. *A.S.A.*, 258 Mont. at 198, 852 P.2d at 129-30; *In re Custody of M.W.*, 2001 MT 78, ¶ 25, 305 Mont. 80, ¶ 25, 23 P.3d 206, ¶ 25. It is also required that such counsel be effective. *In re A.S.*, 2004 MT 62, ¶ 20, 320 Mont. 268, ¶ 20, 87 P.3d 408, ¶ 20.

¶11	Effective representation in a parental rights termination case requires that counsel have sufficient training and experience to undertake such representation, and is sufficiently prepared. *In re A.S.*, ¶ 26.

¶12	Our review of the record reveals that Mother was not denied the effective assistance of counsel. The record does not show that Thornton lacked sufficient training and experience to represent an indigent parent in a termination proceeding. The record also shows that she was sufficiently prepared to resist the petition to terminate Mother's parental rights. Her efforts were unsuccessful because of the facts DPHHS was able to prove, and because her client declined to cooperate.

¶13 The record contains sufficient evidence to terminate Mother's parental rights. Section 41-3-609(3), MCA, requires the court give primary consideration to the best interest of the child. When assessing the likelihood a parent's conduct will change in a reasonable time, the court must assess the past and present conduct of the parent. *In re L.H.*, 2007 MT 70, ¶ 23, 336 Mont. 405, ¶ 23, 154 P.3d 622, ¶ 23, citing *In re A.S.*, 2006 MT 281, ¶ 48, 334 Mont. 280, ¶ 48, 146 P.3d 778, ¶ 48, and *In re M.A.E.*, 1999 MT 341, ¶ 37, 297 Mont. 434, ¶ 37, 991 P.2d 972, ¶ 37. Here, the District Court found Mother's conduct unlikely to change in light of over two years of non-compliance with her treatment plans and her inconsistent efforts to demonstrate capacity to change her lifestyle to serve the best interests of her children.

¶14 It is manifest on the face of the briefs and record before us that there is sufficient evidence to support the judgment of the District Court, settled Montana law clearly controls the legal issues presented and the District Court correctly interpreted the law.

¶15 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE